```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                               :
UNITED STATES OF AMERICA                       :
                                               :
                                               :    S1 07 Cr. 961 (KBF)
                                               :
           -v-                                 :    DECISION & ORDER
                                               :
                                               :
DAVID NORMAN,                                  :
a/k/a "Jim Norman"                             :
                      Defendant.               :
                                               :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 2 4 2012

KATHERINE B. FORREST, District Judge:

David Norman, a/k/a "Jim Norman" was indicted in 2008 for allegedly sponsoring a financial scheme referred to as the "Jim Norman Program". According to the Government, the "Jim Normal Program" was in fact a scheme to defraud investors by claiming that a substantial sum of money was in an investment portfolio in Europe that could only be accessed by the payment of certain fees; individuals were persuaded to pay sums of money believing that this would "unlock" the portfolio and yield a substantial return. Several co-defendants have pled guilty or been tried for their roles in the scheme; their convictions and sentences were upheld by the Second Circuit on July 27, 2012.

Norman was residing in Canada at the time the indictment against him was unsealed. He was arrested in Canada and extradited to the United States in November 2011. His trial is scheduled to commence on January 22, 2013.

On September 6, 2012, defendant moved pursuant to Rule 15 of the Federal Rules of Criminal Procedure, to take depositions of two individuals residing in the United States and two residing in Canada. After reviewing the initial submission of defendant, the Court held a conference on October 3, 2012. At that conference, the Court stated that defendant needed to provide further support regarding how the request met the requirements of Rule 15. Defendant submitted an additional "reply" attorney affirmation in support of his motion on October 16, 2012 (filed under seal).

For the reasons set forth below, defendant's motion for depositions as to each of the four individuals is denied.

STANDARD FOR DEPOSITIONS PURSUANT TO RULE 15

There are significant differences between available discovery in criminal and civil proceedings. While depositions are part of ordinary litigation protocol in civil proceedings, they are not allowed as a matter of course in criminal matters. Rule 15(a)(1) of the Federal Rules of Criminal Procedure provides that a court may allow a pre-trial deposition under "exceptional circumstances" and "in the interest of justice." To meet this standard, the movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice. See United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001); United States v. Johnpoll, 739 F.2d 702, 709 (2d Cir. 1984).

Unavailability for trial does not equate to mere inconvenience – a witness must be truly unavailable. The movant must demonstrate that he or she has made a good faith effort but unsuccessful effort to obtain the witness' presence at trial. Johnpoll, 739 F.2d at 709. A court evaluates the movant's good faith efforts based on a reasonableness standard. Id. Conclusory or speculative statements regarding unavailability are insufficient. See United States v. Whiting, 308 F.2d 537, 541 (2d Cir. 1962).

To demonstrate materiality of the proposed witness' testimony, the movant must show beyond "unsubstantiated speculation" that the testimony tends to exculpate the defendant. United States v. Kelley, 36 F.3d 1118, 1125 (D.C. Cir. 1994); United States v. Merritt, 90 Cr. 767 (JSM), 1991 WL 79235, at *5 (S.D.N.Y. May 7, 1991). Mere relevance is not enough. United States v. Ismaili, 828 F.2d 153, 161, n.6 (3d Cir. 1987).

DISCUSSION

Defendant seeks the depositions of four individuals: John Bailey: defendant's former accountant who resides in Canada; Allan Reed: defendant's friend and former investor in the Jim Norman Program who resides in Canada; Ann Henshaw, defendant's former girlfriend who lived with him during the period alleged in the indictment, Henshaw also lives in Canada; and Marchel Kelley, an investor in the Jim Norman Program who lives in the United States.

None of these four individuals have filed affidavits in support of this motion. The Court's only information regarding the nature of their testimony is based on

two affirmations from defense counsel (filed under seal) and statements in the Government's memorandum in opposition to this motion. The potential witnesses' unavailability is supported only by the affirmations of defense counsel.

Despite being told at the conference on October 3 of the inadequacy of the showing in support of the depositions at that time, and providing defendant with an opportunity to make an additional submission, defendant has failed to meet the Rule 15 standard as to any of the four individuals.

First, there has been no adequate showing regarding unavailability as to Bailey, Henshaw or Kelley. Defense counsel's reply affirmation does not even attempt to address why Kelley – a U.S. resident who could be subpoenaed for trial – is unavailable. The trial has been scheduled sufficiently far in advance that personal scheduling issues cannot be an adequate basis for unavailability.

With respect to Bailey and Henshaw: neither affirmation sets forth facts indicating that reasonable, good faith efforts have been made to obtain their presence at trial in the United States. Defense counsel's statements in paragraphs 5 and 6 make it clear that these individuals said they would not be willing to come to the United States for trial – but the proffered explanation does not meet the legal standard of unavailability.

In addition, defense counsel does not provide sufficient detail regarding the expected testimony to support a showing of materiality. Defense counsel's reply affirmation does not address Kelley's potential testimony at all, and there is no detail regarding that potential testimony in the first affirmation.

As to Henshaw and Reed, the potential testimony that is proffered as exculpatory is likely inadmissible. However, it is also not in fact exculpatory. Nothing that counsel has outlined undermines the core elements of the charges against defendant.

The reply affirmation provides the most detail with respect to Bailey's potential testimony. While it appears from the proffer that Bailey might have some relevant information, and counsel has cast it in the most favorable light, the Court also has the Government's proffer that Bailey has been interviewed by the FBI and would in fact inculpate the defendant. According to the Government, Bailey told the FBI that he thought that the Jom Norman Program was a scam and that he had told Norman that on several occasions; in addition, he would testify that the company that Norman used to receive funds from investors was not a real company with any assets or business activities. Moreover, Bailey himself was arrested in Canada for receiving funds on behalf of the defendant.

Against this proffer, defense counsel has detailed what could be relevant information that would not undermine the Government's core charges. Moreover, it would be particularly important for Bailey to testify live before a jury if he were to contradict any of the statements he made to the FBI, and for cross-examination. The jury should be able to carefully weigh, with the best evidence available to them, the veracity of this potential witness. Accordingly, the weak showing of materiality and an insufficient showing of unavailability, do not support a deposition of Bailey.

CONCLUSION

For the reasons set forth above, defendant's motion pursuant to Rule 15 is denied in its entirety.

Dated:   New York, New York
         October 24, 2012

                                         _____
                                         KATHERINE B. FORREST
                                         United States District Judge