UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | S1 07 Cr. 961 (KBF) |
| - v. - | : | |
| DAVID NORMAN,<br>a/k/a "Jim Norman," | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

                        PREET BHARARA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the United States of America

Andrew Goldstein
Andrea Surratt
Assistant United States Attorneys
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | :     S1 07 Cr. 961 (KBF) |
| DAVID NORMAN,<br>    a/k/a "Jim Norman," | : |
| | : |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The Government respectfully submits this supplemental sentencing memorandum to address issues of restitution and forfeiture in the above-captioned case. Attached hereto are proposed orders of restitution and forfeiture for the Court's consideration. *See United States* v. *Torres*, 703 F.3d 194, 196 (2d Cir. 2012) ("Restitution and forfeiture are authorized by different statutes and serve different purposes—one of remediating a loss, the other of disgorging a gain. Their concurrent imposition has been judicially examined and upheld on numerous occasions in our Circuit and elsewhere.").

The proposed restitution order calculates the defendant's total restitution obligation as $1,731,805.34. That number is based on the amount of money lost by victims of the Jim Norman Program from December 2002 through March 2005, solely as reflected in Norman's RBC Centura bank records, plus the amount of money lost by Cindi Owen, who testified at trial and whose losses are not reflected in the RBC Centura records. As set forth in the Government's initial sentencing memorandum, the Government believes that the actual amount of money lost

-1-

by the defendant's victims as a result of his scheme is far higher than $1,731,805.34. However, due to the limited set of bank records in the Government's possession, the proposed restitution order includes only losses to victims whose names, and in most cases addresses, the Government is able to specifically identify. Those names and addresses, and the corresponding restitution amounts, are reflected in a Schedule of Victims that is being filed separately under seal.

The proposed forfeiture order calculates the defendant's total forfeiture obligation as $2,197,637.04, which reflects the amount of money transferred by victims directly to Norman (or indirectly, in the case of Cindi Owen) as reflected in the Schedule of Victims, plus the following additional categories of crime proceeds:

(a) $307,343.70 in additional monies wired to Norman's RBC Centura account for which the supporting detail does not include the specific name of the transferor;

(b) $138,488.00 in additional monies sent to Norman, as reflected in his RBC Centura account, from the following non-victim sources:

    1. Jeanne Bowen: $2,000.00

    2. John Bailey: $9,988.00

    3. Noemie Dodakian: $126,500.00; and

(c) $20,000.00 that was transferred from other Norman bank account(s) to his RBC Centura account.

Based on the evidence at trial, which showed that Norman had no other source of income during the time period of the scheme to defraud, each of the transfers reflected above can be fairly considered to constitute crime proceeds subject to forfeiture. Again, however, this number is only a fraction of Norman's actual crime proceeds, which the Government believes well

exceeded $7 million. Nevertheless, for the purposes of forfeiture, the Government is seeking to forfeit only those proceeds that were directly reflected in Norman's RBC Centura account records, plus the monies he received from Cindi Owen through his facilitators.

## Conclusion

The Government respectfully requests that at sentencing, the Court order the defendant to pay restitution in the amount of $1,731,805.34 and forfeiture in the amount of $2,197,637.04, and at the conclusion of sentencing, enter the attached proposed Orders of Restitution and Forfeiture.

Dated: July 10, 2013
       New York, New York

                                      Respectfully submitted,

                                      PREET BHARARA
                                      United States Attorney
                                      Southern District of New York

                         By:    /s/
                            Andrew Goldstein & Andrea Surratt
                            Assistant United States Attorneys
                            212-637-1559

cc:    Megan Wolfe Benett, Esq.,